RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 28 / 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RONALD MCCLAIN

VERSUS

TIM WILKINSON, ET AL.

DOCKET NO. 12-CV-1754; SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint filed by pro se Plaintiff Ronald McClain, who is proceeding *in forma pauperis*[1]. Plaintiff is presently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names as defendants thirteen Winn Correctional officers.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Plaintiff's Allegations*

Plaintiff alleges that he began work in the P.E. Garment Factory on February 28, 2011, at which time he began being subjected to "deep anal cavity and genital inspection searches" two to three times daily. Plaintiff filed suit approximately sixteen months after he was first subjected to the searches. He seeks only

---

[1]Once a Plaintiff has accumulated three "strikes" under the Prison Litigation Reform Act, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See §1915(g). Plaintiff has already accumulated two strikes. After a third strike, he will be barred from IFP status unless he meets the exception.

compensatory damages in the amount of $1,000 per day for each day that he was searched.

### Law and Analysis

The Prison Litigation Reform Act (PLRA) provides that "[n]o federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  The Fifth Circuit has read the expressly broad language of this provision to apply not only to Eighth Amendment claims but also to other constitutional violations not usually accompanied by physical injury.  See Hutchins v. McDaniels, 512 F.3d 193, 196 (5th Cir. 2007)(per curiam); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005)(per curiam).  Plaintiff seeks only compensatory damages for the defendants' conduct, but he alleges no physical injury.  Therefore, he is barred from recovery.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED**, under 28 U.S.C. §1915(e)(2)(B) and 1915A, **WITH PREJUDICE**, for failing to state a claim for which relief can be granted.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days**

from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 25 day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE